UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK STAMPONE,

        Plaintiff,

v.

PARNALL CORRECTIONAL
FACILITY, *et al*.,

        Defendants.
_____/

Case No. 4:24-cv-11812

F. Kay Behm
U.S. District Judge

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

### I.   INTRODUCTION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff Frederick Stampone is presently incarcerated at the Parnall Correctional Facility (SMT) in Jackson, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the SMT, the MDOC, MDOC Director Heidi Washington, and the following SMT staff: Warden Noah Nagy, Classification Director J. Hartwig, Mailroom Employee Unknown Wyse, Grievance Responder T. Ryder, Chow Hall Employees Unknown Stockman and Unknown Lein, Programs Coordinator Unknown Burford, Sergeant Unknown Rateman, and Officer Unknown Kelly.

This case was transferred to this Court from the United States District Court for the Western District of Michigan. (ECF No. 3.) In its order transferring the

case, the district court dismissed Defendants the SMT, Heidi Washington, and the MDOC from the complaint for failure to state a claim upon which relief can be granted, and immunity. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). For the reasons state below, the Court concludes that Defendants Hartwig, Ryder, Stockman, Burford, Rateman, and Kelly, and the claims against them, must also be dismissed for failure to state a claim. The Court further concludes that the case may proceed against Defendants Nagy, Wyse, and Lein.

## II. BACKGROUND

The Court adopts the following facts as stated in the Western District of Michigan's transfer order:

> Plaintiff's pro se complaint concerns several conditions and events occurring at SMT from December 2023, until the time that Plaintiff filed his complaint. (Compl., ECF No. 1.) Specifically, Plaintiff makes the following general allegations: he was not provided with a mattress or mattress pad upon arrival to his cell, (*id.*, PageID.6), he has been deprived of a cup to use to drink and to brush his teeth (*id.*, PageID.7, 9, 12), Defendant Wyse has deprived Plaintiff of his legal mail, postage, and envelopes (*id.*, PageID.7–8), Plaintiff has not received grievances forms, (*id.*, PageID.8.), recreation facilities have often been closed (*id.*, PageID. 9–10), Defendant Lein retaliated against Plaintiff by giving Plaintiff less milk and shows favoritism to other inmates by giving them more food (*id.*, PageID.10), inmates have been receiving less, watered-down, and unsanitary food and drink from the chow hall (*id.*, PageID.11), Plaintiff has not received a haircut (*id.*, PageID.12), and Plaintiff could not hear the speaker instructions and, as a result, received a misconduct ticket (*id.*, PageID.13). Plaintiff alleges that he sent grievances to Defendant Washington related to these incidents and conditions but "[a]ll grievances mailed to Heidi Washington Shir were not processed and returned to Plaintiff." (*id.*, PageID.16.) Plaintiff also claims that SMT

> and the MDOC deprived Plaintiff of the right to view his oral argument, though he does not elaborate as to how that occurred. (Id.) Plaintiff seeks declaratory, monetary, and injunctive relief. (Id., PageID.17.)

See ECF No. 3, PageID.76.

The Court adds that Plaintiff alleges conditions-of-confinement claims associated with breathing in rat poison and insect spray while in his cell. (ECF No. 1, PageID.7.) He also alleges that Defendant Burford denied him indigent status in December 2023, which he claims prevented him from securing indigent postage to mail out Christmas cards. (Id. at PageID.8.) Plaintiff seeks redress for violations of his Eighth and First Amendment rights.

### III.   DISCUSSION

Plaintiff has been granted *in forma pauperis* status. (ECF No. 6.) Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking relief against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous

3

if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was

4

caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### A. Denial of Grievances

Plaintiff fails state a claim against Defendant Ryder solely based on the denial or rejection of grievances. Prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. Oct. 30, 2003) ("there is no inherent constitutional right to an effective grievance procedure") (citing cases). For this reason, the denial of a grievance or the failure to act based upon information contained in a grievance fails to state a claim under § 1983. *Gibbs v. Laughhunn*, No. 16-1771, 2017 U.S. App. LEXIS 13760, at *5 (6th Cir. Feb. 2, 2017).

Here, Plaintiff alleges that Ryder violated his constitutional rights by denying and/or rejecting his grievances. A prison official whose only role involved the denial of an administrative grievance cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v.*

5

*Correctional Medical Services*, 73 Fed. Appx. 839, 841 (6th Cir. 2003). Because Plaintiff fails to show that Ryder engaged in any other conduct, other than the denial of grievances, he shall be dismissed from the case.

**B.    Due Process**

Plaintiff appears to suggest that Defendants Rateman and Kelly deprived him of due process when they issued him an out-of-place misconduct ticket. Plaintiff alleges that he "told Sargent Rateman and C/O Kelly that chow came up on [his] beeper, and [he] heard officer Williams call chow . . . but [he] was the only one that got the misconduct ticket." (ECF No. 1, PageID.13.) At bottom, Plaintiff contends that he is hearing impaired and was wrongfully issued a misconduct ticket because he could not hear which block was being announced for chow. He claims that he was "locked in [his] cell with no yard time . . . [and] no day room" because of the misconduct. (*Id.*)

The Fourteenth Amendment protects an individual from deprivation of life, liberty or property without due process of law. *Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a federal procedural due process violation, a plaintiff must show that one of those interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures

6

attendant upon that deprivation were constitutionally sufficient." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Thus, to state a procedural due process claim, a plaintiff must allege that he or she has a definite life, liberty, or property interest which has been abridged without appropriate process. *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007).

While the Fourteenth Amendment protects an individual from deprivation of life, liberty, or property without due process, the "mere fact of discipline or the imposition of sanctions in prison does not automatically trigger due process protections." *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995). The United States Supreme Court has held that a prisoner is entitled to the protections of due process in disciplinary proceedings only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486-487 (1995). The Court has further ruled that a prisoner has no liberty interest in remaining free from disciplinary or administrative segregation as such segregation does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484 (30 days in administrative segregation did not constitute an atypical and significant hardship).

In this case, Plaintiff's sanction of one-day loss of privileges does not trigger

7

due process protections. Such a loss of privileges does not constitute an "atypical and significant hardship" which implicates a liberty interest and triggers due process procedures normally associated with more serious forms of prison discipline such as the loss of good time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 571 n. 19 (1974) ("We do not suggest, however, that the procedures required by today's decision for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges.); *see also Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004) (14-day loss of privileges did not implicate due process). Because Plaintiff fails to state a claim, the Court dismisses the due process claim and Defendants Rateman and Kelly from the case.

### C. Indigent Status

Next, Plaintiff's First Amendment claim against Defendant Harwig must be dismissed. He contends that Harwig violated his First Amendment rights by refusing to classify him as indigent in December 2023. He alleges that "the mailroom took all his Christmas cards with envelopes that he mailed out and stamped NSF (non insufficient funds)." (ECF No. 1, PageID.8.) Plaintiff requested that Harwig return the Christmas cards and provide him with indigent status. He claims he never received his cards and was denied indigent status for postage.

Plaintiff does not state a First Amendment claim. While the state must

8

provide some postage for indigent inmates in order to ensure their access to the courts, *see Lewis v. Casey*, 518 U.S. 343, 350-52 (1996); *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977), the First Amendment does not compel prison officials to provide indigent prisoners with free postage and materials for non-legal mail. *Moore v. Chavez*, 36 F. App'x 169, 171 (6th Cir. 2002) (citing *Hershberger v. Scaletta*, 33 F.3d 955, 956 (8th Cir. 1994)). Because Plaintiff does not claim that he was denied postage for legal mail, he fails to state a First Amendment claim against Defendant Harwig.

### D. Eighth Amendment

Plaintiff also fails to state an Eighth Amendment claim against Defendant Stockman. Plaintiff avers that Stockman deprived him of a cup to use to drink and to brush his teeth. Specifically, he contends that Stockman denied permission when he asked to remove a cup from the chow hall for his personal use. (ECF No. 1, PageID.9.)

"In order to state a claim that prison conditions violate the Eighth Amendment, the prisoner must plead facts showing that he has been subjected to deprivations so serious that he was deprived of the minimal civilized measure of life's necessities and that prison officials acted wantonly, with deliberate indifference to his serious needs." *Powell v. Washington*, 720 F. App'x 222, 227–28 (6th Cir. 2017) (quotation marks omitted). "The prisoner must allege extreme

9

deprivations to state an Eighth Amendment conditions-of-confinement claim." *Id*. (quotation marks omitted). "[N]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (quoting *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (quotation makes omitted)). Allegations about temporary inconveniences, e.g., being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." (citation omitted)).

Moreover, the lack of a cup to drink from or utensils to eat with also does not rise to the level of a constitutional violation. *See, e.g., Denhof v. Michigan,* No. 1:14–cv–495, 2014 WL 3401985, at *10 (W.D. Mich. July 10, 2014) (finding no Eighth Amendment violation where prisoner could use his hands as a cup); *Williams v. Campbell*, No. 07–885, 2008 WL 2816089 (E.D. Pa. July 18, 2008) (finding where prisoner was required to eat food with his hands because he did not have utensils, although he ate less neatly than he desired, did not state an Eighth

10

Amendment claim); *see also Flakes v. Drinkert*, No. 18-1807, 2018 WL 7046897, at *2 (6th Cir. Dec. 10, 2018) (finding no Eighth Amendment violation where prisoner used his hands as a cup). Consequently, Plaintiff's conditions-of-confinement claim against Defendant Stockman must be dismissed.

### E.     MDOC Policy

Plaintiff's claim against Defendant Burford for violating MDOC policy also fails to state a claim. Plaintiff alleges that Burford refused to allow Plaintiff to shave his beard and mustache. Plaintiff avers that Burford's actions violated MDOC policy. (ECF No. 1, PageID.12.)

Section 1983 provides a remedy for violations of federal law, not prison policy or state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (holding that claims under § 1983 can be brought only for "deprivation of rights secured by the [C]onstitution and laws of the United States"). Alleged violations of MDOC policy or Michigan law do not rise to the level of a violation or deprivation of a federal constitutional right cognizable under § 1983. *See Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (ruling that "[f]ailing to follow proper procedures is insufficient to establish an infringement of a liberty interest"). Therefore, Plaintiff's allegation that defendant Burford violated MDOC policies or procedures fails to state a claim upon which relief may be granted under § 1983.

### F.     Remaining Claims

Lastly, the Court concludes that Plaintiff's conditions-of-confinement claim against Defendant Nagy, his legal-mail claim against Defendant Wyse, and retaliation claim against Defendant Lein are not subject to summary dismissal. While Plaintiff may or may not ultimately prevail on these claims, he has pleaded sufficient facts to state potential claims for relief.

## IV.     CONCLUSION

For the reasons stated, the Court **DISMISSES** Defendants Hartwig, Ryder, Stockman, Burford, Rateman, and Kelly, and the claims against them, for failure to state a claim. 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

The Court further concludes that Plaintiff's claims against Defendant Nagy, Wyse, and Lein survive the Court's initial screening.

**SO ORDERED**.

                                                               s/F. Kay Behm
                                                               F. Kay Behm
Date:  October 28, 2024                          United States District Judge