UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK STAMPONE,                           Case No. 24-11812

      Plaintiff,                               F. Kay Behm
v.                                            U.S. District Judge

NOAH NAGY, *et al.*,                          David R. Grand
                                              U.S. Magistrate Judge
      Defendants.
_____ /

**OPINION AND ORDER ACCEPTING AND ADOPTING IN PART THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF No. 25)**

## I.    PROCEDURAL HISTORY

Plaintiff, Frederick Stampone, filed this prisoner civil rights action

against Defendants on June 13, 2024 in the Western District of Michigan.

(ECF No. 1).  On July 15, 2024, this matter was transferred to this court. *Id*.

Plaintiff is proceeding in this matter pro se.  The court referred this matter to

the Magistrate Judge for all pretrial proceedings.  (ECF No. 13).  On June 23,

2025, Defendants filed a motion for summary judgment based on failure to

exhaust administrative remedies.  (ECF No. 21).  Plaintiff filed a response and

counter-motion.  (ECF No. 23).  Defendants filed a reply.  (ECF No. 24).  On

September 30, 2025, the Magistrate Judge issued a report and

recommendation, recommending that Defendants' motion be granted in part

and denied in part and that Plaintiff's motion be denied.  (ECF No. 25).

Defendants filed an objection to the Magistrate Judge's report and

recommendation and Plaintiff filed a response to that objection.  (ECF Nos.

26, 28).

For the reasons set forth below, the court **ACCEPTS** and **ADOPTS** in

part the Magistrate Judge's report and recommendation (ECF No. 25),

**GRANTS** in part and **DENIES** in part Defendants' motion for summary

judgment (ECF No. 21), and **DENIES** Plaintiff's motion for summary judgment

(ECF No. 23).

## II.    LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation

on dispositive motions, and a district judge must resolve proper objections

under a de novo standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ.

P. 72(b)(1)-(3).  This court "may accept, reject or modify, in whole or in part,

the findings or recommendations made by the magistrate judge." *Id*. "For an

objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1)

requires parties to 'specify the part of the order, proposed findings,

recommendations, or report to which [the party] objects' and to 'state the

basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that dispute the general correctness of the report and recommendation are improper.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").  In sum, the objections must be clear and specific enough that the court can squarely address them on the merits.  *See Pearce*, 893 F.3d at 346.  And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec*., No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

## III.   ANALYSIS

As to the issue in dispute in Defendants' objections to the report and recommendation, the Magistrate Judge analyzed the issue as follows:

> Defendants argue that Stampone failed to exhaust any claims because he "did not pursue any Step III grievances." (ECF No. 21, PageID.70). More specifically, Defendants assert that "if Stampone wished to appeal to Step II, PD.03.02.130 ¶ JJ require[d] him to request the Step II appeal form from the SMT grievance coordinator," but apparently contend he never did so. (*Id*., PageID.71) (citing *id*., PageID.81).  Of course, not having appealed any of his grievances to Step II meant that Stampone also filed no Step III grievances. (*See* PD 03.02.130 ¶ NN, JJ; ECF No. 1-1, PageID.58).

> Stampone argues that, following the rejection of his Step I Processed Grievances, he tried to file a Step II grievance, but he was unable to do so because the prison would not provide him with a Step II appeal form. (ECF No. 1, PageID.7-8). According to PD 03.02.130 ¶ JJ, "To file a Step II grievance, the grievant must request a Prisoner/Parolee Grievance Appeal (CSJ-247B) from the Step I Grievance Coordinator and send the completed form to the Step II Grievance Coordinator ... within ten business days after receiving the Step I response . . ." (ECF No. 21-2. PageID.81; *See* ECF No. 21, PageID.71).

> Stampone received his first Step I Grievance response on January 11, 2024. Stampone provides evidence that six days earlier, on January 5, 2024, he had submitted a Step I Grievance (CSJ-247A) in which he specifically asked for "10 second step grievance forms." (ECF No. 1-1, PageID.29). Stampone also provides evidence that on February 16, 2024, he submitted a Step I Grievance (CSJ-247A), and specifically requested "15 second step grievance forms . . ." (*Id., *PageID.27). Both Step I Grievance

4

Forms were received by the Step I Grievance Office and rejected by T. Ryder. (*Id*., PageID.27, 29).

From January 11, 2024, through April 1, 2024, Stampone received Step I Grievance rejections on all 11 Processed Grievances. During that time, Stampone alleges in his complaint that "all second step appeal grievances forms are made unavailable. Many times plaintiff asked requested [sic] these forms from Warden Nagy Director Heidi and T. Ryder and received <u>no</u> responds [sic]." (emphasis in original) (ECF No. 1, PageID.13). Defendants do not put forward any evidence that Stampone received a Step II Grievance Appeal form or that he requested the forms improperly.

The Supreme Court has recognized that an inmate "must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 642 (2016). A prisoner must make "affirmative efforts to comply with administrative procedures," and the Court should "analyze whether those efforts to exhaust were sufficient under the circumstances. *Dennis v. Howard*, No. 24-1753, 2025 WL 2607624, at *2 (6th Cir. Aug. 4, 2025) (quoting *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015)).

Defendants have the burden to show that there is no genuine issue as to material fact regarding exhaustion. Here, Stampone has offered evidence that he tried, multiple times, to obtain Step II grievance forms so that he could comply with the SMT grievance process, but that his efforts to do so were thwarted by the prison officials' failure to provide him with the requested forms. Defendants have offered no evidence – or even argument – to the contrary.

Just as Stampone is under an obligation to exhaust every available remedy, grievance administrators "have a duty to follow MDOC policy and provide prisoners with Grievance Appeal forms when so requested." *Young v. Jackson*, No. 12-12751, 2013 WL

8178397, at *9 (E.D. Mich. Nov. 13, 2013). And, when the administrators fail to do so, there is at least a question of fact as to whether the grievance process was available. See id. (finding that inmate's "numerous requests made in an effort to obtain the appropriate [grievance appeal] form in this matter show that he was attempting to comply with MDOC policy . . ."). *See also Robinson v. Beauvais*, No. 15-CV-14345, 2016 WL 7404739, at *4 (E.D. Mich. Sept. 28, 2016), report and recommendation adopted, No. 15-14345, 2016 WL 7385733 (E.D. Mich. Dec. 21, 2016) ("There is a question of fact regarding whether Plaintiff requested a Step II appeal form and, if so, whether he was prevented from fully exhausting the available administrative remedies.").

In sum, since Stampone provided evidence that he requested Step II Grievance Appeal forms in writing which pertained to the Step I Processed Grievances at issue in this case, and Defendants have come forward with no evidence that such forms were ever provided to him, a genuine issue of material fact exists as to whether the grievance process was truly "available" to him. Thus, summary judgment as to the salient claims should be denied.

(ECF No. 25, PageID.109-11)

<u>Objection No. 1</u>

Defendants first object that it was error for the Magistrate Judge to consider the unavailability issue because Plaintiff waived the issue by choosing not to advance it in his response to Defendants' motion.  The Sixth Circuit recently emphasized the principle of party presentation, which means that the court "rel[ies] on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."  *In*

*Re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 143 F.4th 718, 725 (6th Cir. 2025) (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)).  As the court explained in *Chrysler Pacifica*, the principle of party presentation sets a "very high bar" for addressing an issue that neither party raised, *Dorris v. Absher*, 179 F.3d 420, 426 (6th Cir. 1999), and that bar is cleared only "in exceptional cases or particular circumstances" or when "the rule would produce a plain miscarriage of justice," *Koprowski v. Baker*, 822 F.3d 248, 259 (6th Cir. 2016) (quoting *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 454 (6th Cir. 2009)).  *See In Re Chrysler Pacifica*, 143 F.4th at 726.  "Under the party-presentation principle, the court is not in 'the business of making arguments for parties'—even pro se parties."  *Grado v. Med., Indus., & Sci. Prods. Corp.*, 2025 WL 2227879, at *3 (S.D. Ohio Aug. 5, 2025) (quoting *Brashear v. Pacira Pharms., Inc.*, 2024 WL 3860465, at *4 n.5 (S.D. Ohio Aug. 19, 2024); *cf. United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) (explaining that courts may have a "modest initiating role" in departing from the party-presentation principle in pro se criminal and habeas cases).

The Report and Recommendation found, based on allegations in the complaint, that Plaintiff offered evidence that he tried multiple times to obtain Step II grievance form so that he could comply with the grievance process,

7

but his efforts were thwarted by the prison officials' failure to provide him with the requested forms.  (ECF No. 25, PageID.110-11).  The Magistrate Judge found a question of fact regarding whether the grievance process was available to Plaintiff.  (ECF No. 25, PageID.111).  However, Defendant argues that Plaintiff did not make this argument in response to Defendants' motion for summary judgment.  At best, Defendants argue, Plaintiff made an undeveloped argument that the grievance system was futile,[1] referring back to allegations in his complaint.  (ECF No. 23, PageID.90).  Futility and availability are related concepts.  As the Sixth Circuit explained in *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011), "[f]aced with a policy that was not clearly unavailable, the only way to determine if the process was available, or futile, was to try.") (internal quotation marks omitted).  Thus, the Magistrate Judge did not violate the party presentation principle when he addressed availability where Plaintiff raised the concept of futility and referred back to his complaint.  This objection is **OVERRULED**.

---

[1] Plaintiff wrote in his response that he "has proven in his complaint that Parnall grievance system is fertile."  (ECF No. 23, PageID.90).  The court assumes that by "fertile," Plaintiff meant "futile."

Objection No. 2

Next, Defendants argue that there is insufficient evidence in the record to support a finding of unavailability to avoid summary judgment.  A party responding to a summary judgment motion has a responsibility to come forward with sufficient evidence to show that there are triable issues.  *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995) ("Essentially, a motion for summary judgment is a means by which to challenge the opposing party to 'put up or shut up' on a critical issue."). The fact that Plaintiff is pro se does not alter those requirements.  *McElhaney v. Elo*, No. 98-1832, 2000 WL 32036, at *2 (6th Cir. Jan. 6, 2000) ("Even though a court should liberally review claims by pro se prisoners ... it may still enter summary judgment against these plaintiffs if they rely solely on the allegations in the pleadings.") (citation omitted); *United States v. Ninety Three Firearms*, 330 F.3d 414, 428 (6th Cir. 2003) (The Sixth Circuit has held that *pro se* litigants do not get "special treatment" with respect to their burden in responding to well-supported motions for summary judgment.).  "There is no authority in this Circuit for the proposition that a district court must advise a pro se prisoner of his right to file counter-affidavits or other responsive material or that he must be alerted to the fact that his failure to so respond with such material might result in

entry of summary judgment against him." *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992).

There is no dispute that Plaintiff's complaint is unverified.  "[U]nverified complaints[] are not considered Rule 56 evidence." *Wilson v. Wollan*, 2023 WL 7928517, at *6 (W.D. Mich. Oct. 27, 2023), report and recommendation adopted, 2023 WL 7919480 (W.D. Mich. Nov. 16, 2023) (quoting *Zeune v. Mohr*, 2015 WL 6468541, at *6 (S.D. Ohio 2015); *see also Jackson v. Kline*, 2017 WL 2262502, at *3 (E.D. Mich. 2017) ("[U]nverified complaints like the one at issue cannot be considered Rule 56 evidence."); *Buchanan v. Willis*, 2025 WL 2336090, at *1 (W.D. Mich. June 5, 2025), report and recommendation adopted, 2025 WL 2047876 (W.D. Mich. July 22, 2025) ("An unverified complaint cannot rebut a supported motion for summary judgment."); *Brinkley v. Hamilton Cnty., Tennessee*, 2025 WL 884076, at *2 (6th Cir. Mar. 21, 2025) ("an unverified complaint does not provide competent evidence at summary judgment.") (citing *King v. Harwood*, 852 F.3d 568, 577–78 (6th Cir. 2017); *Worthy v. Mich. Bell Tel. Co.*, 472 F. App'x 342, 343 (6th Cir. 2012)).  Thus, the court cannot consider the unverified complaint to create a genuine issue of material fact on the issue of whether Plaintiff attempted to

use and was denied access to the grievance process.  The objection is

**SUSTAINED**.

However, as discussed by the Magistrate Judge, Plaintiff's complaint

does bring forth other competent evidence showing that he requested Step II

grievance forms and his requests were either ignored or denied.  Specifically,

on January 5, 2024, Plaintiff submitted a Step I Grievance (CSJ-247A) in which

he specifically asked for "10 second step grievance forms." (ECF No. 1-1,

PageID.29).  He also provides evidence that on February 16, 2024, he

submitted a Step I Grievance (CSJ-247A), and specifically requested "15

second step grievance forms . . ." (*Id*., PageID.27).  Both Step I Grievance

Forms were received by the Step I Grievance Office and rejected by T. Ryder.

(*Id*., PageID.27, 29).  Additionally, Plaintiff requested 10 second step

grievance appeal forms in a grievance dated March 11, 2024.  (ECF No. 1-1,

PageID.48).  This grievance, like the earlier two requests, was rejected.  *Id*.

In rather conclusory fashion, Defendants argue that the Step I

grievances Plaintiff refers to in his complaint are "unsworn" and "contain

hearsay" and do not meet the evidentiary requirements under Rule

56(c)(1)(A).  Evidence submitted at summary judgment "do[es] not

necessarily need to be in a form that is admissible at trial." *Fid. Nat'l Title Ins.*

*Co. v. Worldwide Prop. Hub, LLC*, 2025 WL 2466624, at *5 (W.D. Tenn. Aug. 26, 2025) (quoting *Hurick v. McKee*, 2018 WL 4908138, at *3 (6th Cir. Apr. 30, 2018)).  However, the non-movant must present evidence that is capable of being presented in admissible form at trial and sufficient to establish a genuine dispute of material fact.  *See Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).  Before the 2010 amendments to Rule 56, the Sixth Circuit held that unauthenticated evidence was inadmissible at summary judgment. *Fid. Nat'l Title*, at *5.  The amended rule now permits parties to cite a broader range of materials, including "depositions, documents, electronically stored information, affidavits or declarations," regardless of whether they are authenticated at the time of submission.  *Id*. (quoting Fed. R. Civ. P. 56(c)(1)(A)).  Unauthenticated evidence may be considered at summary judgment so long as it is capable of being authenticated at trial.  *Id*.  The court finds no basis to conclude that the Step I grievances at issue here, which bear institutional hallmarks of authenticity, including a grievance identifier and a Step I response and signature, will not be authenticated at trial.  Thus, the court finds that the Magistrate Judge properly considered these materials in determining that there was a genuine issue of material fact regarding whether

12

the grievance process was unavailable to Plaintiff.  The objection is

**OVERRULED**.

Finally, Defendants argue that Plaintiff's requests for Step II grievance forms are illogical when considering his grievance history.  That is, Plaintiff's requests for multiple Step II grievance forms were either premature in terms of whether he had even received his Step I grievance responses or far exceeded the number of Step I responses.  While Plaintiff's first request for Step II appeal forms was premature in that no Step I grievance responses had yet been issued, Plaintiff's two other requests were not premature in that Step I grievance responses had been issued.  While the two other requests may have been excessive in number when compared to the pending Step I grievance response issued at that time, Plaintiff was still entitled to ask for Step II grievance appeal forms for those grievances where the Step I grievance was issued.  The record shows that those requests were rejected.  Thus, the court finds a genuine issue of material fact has been created by Plaintiff's requests for Step II grievance forms as to whether the grievance process was unavailable to him.  The objection is **OVERRULED**.

## IV.    CONCLUSION

For the reasons set forth above, the court **ACCEPTS** and **ADOPTS** in part the Magistrate Judge's report and recommendation (ECF No. 25), **GRANTS** in part and **DENIES** in part Defendants' motion for summary judgment (ECF No. 21), and **DENIES** Plaintiff's motion for summary judgment (ECF No. 23).

**SO ORDERED**.

Date: February 12, 2026                s/F. Kay Behm
                                                         F. Kay Behm
                                                         United States District Judge