UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK STAMPONE,

Plaintiff,

v.

NOAH NAGY, *et al.*,

Defendants.
_________________________________/

Civil Action No. 24-11812

F. Kay Behm
United States District Judge

David R. Grand
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 41(b) AND GRANT DEFENDANTS' MOTION TO DISMISS (ECF No. 32)**

**Background**

On July 15, 2024, *pro se* plaintiff Frederick Stampone ("Stampone"), an inmate of the Michigan Department of Corrections' ("MDOC") Parnall Correctional Facility ("SMT") at all relevant times, filed this civil rights action pursuant to 42 U.S.C. § 1983 against several MDOC employees. On October 28, 2024, the Honorable F. Kay Behm issued an Opinion and Order of Partial Summary Dismissal, leaving in place only Stampone's claims against defendants Noah Nagy ("Nagy"), Ronald Wyse ("Wyse"), and Pamela (née Lein) Pearce ("Lein")[1] (collectively, "Defendants"). (ECF No. 7).[2] Then, on

[1] Although it appears from Defendants' instant motion that Pamela's last name is now Pearce, because Stampone refers to her in the complaint as "Lein," the Court will also refer to her in that way.

[2] On April 11, 2025, an Order of Reference was entered, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 13).

February 12, 2026, Judge Behm adopted in part the undersigned's Report and Recommendation, including its recommendation to grant Defendants' motion for summary judgment as to his claims against Lein. (ECF No. 25, PageID.112; ECF No. 29).

On September 29, 2026, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. (ECF No. 32). In their motion, Defendants write that "Stampone has not updated his address since October 2025 [] — almost a year ago — at which time he provided the Court with the address that Defense Counsel has attempted to contact Stampone at multiple times only to have the mailings returned as undeliverable." (ECF No. 32, PageID.166).[3] Because Defendants have been unable to reach Stampone, they were unable to conduct his deposition as planned when their notice of the deposition was returned to them after being sent to Stampone's last known address, and he failed to appear at the deposition. (ECF No. 32, PageID.163; ECF No. 32-4).

On October 1, 2026, the Court entered an Order to Show Cause, instructing Stampone to state, "in writing, on or before **October 15, 2026**, why this Court should not recommend that Defendants' motion to dismiss be granted." (ECF No. 33, PageID.193). Alternatively, Stampone was given until October 15, 2026, to file a response to Defendants' motion. (*Id.*). The Court warned Stampone that "**[f]ailure to timely and adequately respond in writing to this Order to Show Cause, or to timely file a response to Defendants' motion, will result in a recommendation that the Defendants' motion**

[3] Defendants explain that Stampone had been paroled, after which he did update his address on the docket, but that he is no longer reachable at that address. (*Id.*, PageID.163; ECF No. 32-2, PageID.173).

**be granted and/or that Stampone's claims against Defendants be dismissed pursuant to Fed. R. Civ. P. 41(b).**" (*Id.*).

**<u>Legal Standards</u>**

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a case for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All four of the factors favor dismissal here.

**<u>Analysis</u>**

The Court expressly warned Stampone that his case could be dismissed if he failed to respond to Defendants' motion to dismiss or to the Court's Order to Show Cause. (ECF No. 33). Nevertheless, Stampone has failed to do either, meaning that the first[4] and third factors weigh in favor of dismissal. As to the second factor, Defendants are prejudiced by having this action pending against them without it being advanced to a timely conclusion due to Stampone's apparent abandonment of his claims. The Court is sympathetic to Defendants' plight, as they have been forced to expend time and resources attempting to take Stampone's deposition, and then drafting and filing their instant motion to dismiss, despite the fact that Stampone apparently has lost interest in his case. And, finally, given Stampone's failure to comply with this Court's rules and orders, and the inability to reach Stampone to proceed with litigation, the Court sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

---

[4] With respect to the first factor, just as in *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault …." *Id*. Regardless, Defendants "cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*.

**Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss **(ECF No. 32)** be **GRANTED** and Stampone's complaint be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: October 20, 2026
Ann Arbor, Michigan

s/ David R. Grand
DAVID R. GRAND
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should

be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 20, 2026.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager